**Raymond J. MARTIN, et al.,
Plaintiffs–Appellees,**

v.

**MARTIN BROS. CONTAINER &
TIMBER PRODUCTS CORP., et
al., Defendants–Appellants.**

No. 03–3805.

United States Court of Appeals,
Sixth Circuit.

Aug. 31, 2004.

David J. Rohrbacher, Nicholas J. Cron, Rohrbachers, Light, Cron, Zmuda & Trimble, Toledo, OH, for Plaintiffs–Appellees.

Grey W. Jones, the Law Firm of Gary Paul Price, LLC, Timothy C. Jochim, Jochim Co., Columbus, OH, for Defendants–Appellants.

Before KEITH, MARTIN, and ROGERS, Circuit Judges.

PER CURIAM.

This matter arose as a "special proceeding" under Ohio Revised Code § 1701.85, which provides a remedy for minority shareholders when a corporation takes certain actions from which the minority shareholders dissent. In this case, Defendants–Appellants Martin Brothers Container & Timber Products ("the Company"), scheduled a special meeting of the Company's shareholders for the purpose of considering a motion to merge the Company, an Ohio corporation, into a Tennessee corporation of the same name. The shareholders constituting the majority voted for the merger.

Plaintiffs–Appellees Raymond J. Martin, Dolores J. Martin, and Cecelia A. Austin (collectively "Plaintiffs") voted against the merger and, as required by statute, thereafter timely demanded that the Company purchase their interest in the Company. After the Company refused to purchase the tendered stock, Plaintiffs commenced with the special proceeding which, under the statute, would determine the value of their stock, set interest at an equitable rate from an equitable date, and require the Company to pay the resulting sum within sixty days of the date of such judgment. On October 16, 2000, Plaintiffs filed a Verified Complaint to Determine Fair Cash Value of Shares in the district court. After discovery, on November 5, 2002, a one-day bench trial was held before United States District Court Judge James G. Carr.

On January 6, 2003, after reviewing the post trial briefs submitted by the parties, the district court entered certain findings and conclusions and directed the parties to file revised statements of valuation. On February 7, 2003, after reviewing the revised statements of valuation, the district court again entered certain findings and conclusions determining the valuation. On May 2, 2003, after reviewing the briefs regarding interest, as well as the Company's motion for reconsideration, the district court directed the Plaintiffs to submit a judgment entry stating the amount of the award in their favor, including interest. On May 21, 2003, the district court entered judgment in favor of the Plaintiffs in the amount of $1,827,029.00, plus 6% interest from July 18, 2000. The Company filed a timely notice of appeal on May 30, 2003.

Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in its decisions. As the reasons for the decisions have been articulated by the district court, the issuance of a full written opinion by this court would be duplicative and serve no useful purpose.

Accordingly, we adopt the reasoning of the district court as set forth in its order filed on January 6, 2003, and affirm that order as well as district court's subsequent findings and conclusions determining the valuation of the Plaintiffs' stock.